UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM DJONOVIC et al.,

               Plaintiffs,                      Case No. 22-12393

v.                                   HON. MARK A. GOLDSMITH

CAROL SEPTER et al.,

               Defendants.

_____/

**OPINION & ORDER**
**(1) ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION (Dkt. 53), (2) OVERRULING PLAINTIFFS'**
**OBJECTIONS (Dkt. 55), (3) GRANTING DEFENDANTS' MOTION TO DISMISS**
**(Dkt. 37), AND (4) DENYING DEFENDANTS' MOTION TO STRIKE (Dkt. 59)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge

Kimberly G. Altman issued on January 11, 2024 (Dkt. 53).  In the R&R, the magistrate judge

recommends that this Court grant Defendants' motion to dismiss (Dkt. 37).[1]  Plaintiffs filed timely

objections to the R&R (Dkt. 55), and Defendants filed a response to Plaintiffs' objections (Dkt.

57).  For the reasons that follow, the Court: (i) accepts in part and denies in part the

recommendation in the R&R, (ii) overrules Plaintiffs' objections, (iii) grants Defendants' motion

to dismiss, (iv) dismisses Plaintiffs' federal claims against the named Defendants with prejudice,

(v) dismisses Plaintiffs' state-law claims against the named Defendants without prejudice, (v)

dismisses all claims against the John Doe Defendants without prejudice, and (vi) denies

Defendants' motion to strike.

_____

[1] Defendants filed a motion to dismiss on July 26, 2023 (Dkt. 36) and then filed a corrected motion
the next day (Dkt. 37).  The Court denies the earlier motion to dismiss (Dkt. 36) as moot.

## I. BACKGROUND

The full relevant factual background is set forth in the magistrate judge's R&R.  See R&R at 2–6.  Plaintiffs Tom Djonovic and John Kelmendi filed this case against Defendants Shelby Township; Carol Septer, a Township code enforcement officer; Guaresimo, a Township police officer; and two John Does.  The gist of the complaint is that Defendants retaliated against the Plaintiffs for filing a separate lawsuit that is still pending in this district, Kelmendi v. Hogan, et al., No. 20-cv-12354 (E.D. Mich., Goldsmith, J.).  R&R at 1.  Klemendi is brought under 42 U.S.C § 1983 by Klemendi (individually) and Djonovic (as the personal representative of the Estate of Prela Djonovic) against T. Hogan and Shelby Township.[2]  Id. at 2.  In Klemendi, the plaintiffs allege that Township police officers illegally entered Prela's home and used excessive force against Kelmendi, Djonovic, and Prela, inflicting injuries that led to Prela's death.  Id. at 2–3.

In this case, Plaintiffs allege that they began being harassed by Septer after filing the original complaint in Klemendi.  Id. at 3.  According to Plaintiffs, Township police officers visited their property six to seven times, including two or three times in the middle of the night, and wrote Plaintiffs various tickets for ordinance violations.  Id. at 3–4.  On one occasion, Plaintiffs allege that three officers arrived at their property with SWAT gear and guns and charged Djonovic with a misdemeanor for animal control violations related to a dog barking.  Id. at 4, 14.  Djonovic alleges that he was sentenced to six months of probation for this incident.  Id. at 4.

Plaintiffs bring claims under (i) federal criminal statutes, (ii) 42 U.S.C. § 1983, and (iii) state law.  See Compl. (Dkt. 1).  Defendants filed a motion to dismiss Plaintiffs' complaint, which the magistrate judge recommends granting.  See Mot.; R&R.

---

[2] To distinguish between Tom Djonovic and Prela Djonovic, the Court refers to Prela Djonovic by his first name.

The magistrate judge recommends dismissing Plaintiffs' claims brought under 18 U.S.C. § 241 (conspiracy), 18 U.S.C. § 242 (deprivation of rights), and 34 U.S.C. § 12601 (unlawful conduct by law enforcement officers) because these are all criminal statutes without a private right of action.  See R&R at 9–10.

Regarding Plaintiffs' constitutional claims, the magistrate judge found that Plaintiffs have arguably waived opposition to Defendants' arguments in favor of dismissal, but proceeded to explain why the claims should also be dismissed on the merits.  Id. at 11.  The magistrate judge recommends dismissing Plaintiffs' First Amendment retaliation claim because Plaintiffs did not sufficiently plead that any of the officers acted with a retaliatory motive, or that a retaliatory motive—if one existed—was a "but-for" cause of the adverse action.  Id. at 12–13.  Notably, Plaintiffs did not plead that any of the individual Defendants knew that Plaintiffs had filed a prior lawsuit involving the Township and other law enforcement officers.  Id.

Similarly, the magistrate judge recommends dismissing Plaintiffs' claims for unlawful entry and seizure of property, false or unlawful arrest, and malicious prosecution because Plaintiffs failed to plead required elements of each claim.  As to unlawful entry and seizure of property, Djonovic consented to the warrantless entry of his property and the seizure of any unlicensed and inoperable vehicles.  Id. at 13–14.  As to false or unlawful arrest, neither Plaintiff was ever arrested; Djonovic was charged with a misdemeanor for animal control violations and ordered to appear in court.  Id. at 14.  And as to malicious prosecution, the individual Defendants were not involved in the decision to prosecute Djonovic.  Id. at 15.

The magistrate judge recommends dismissing Plaintiffs' Monell claims because they have not pled the existence of an illegal official policy or custom.  Id. at 16–17.  And lastly, to the extent that Plaintiffs seek relief for injuries caused by state court judgments entered for Djonovic's

3

ordinance and criminal violations, the magistrate judge found that the <u>Rooker-Feldman</u> doctrine bars their claims.  <u>Id.</u> at 15–16.

The magistrate judge similarly found that all of Plaintiffs' state-law claims fail and recommends exercising supplemental jurisdiction over these claims and dismissing them with prejudice.  <u>Id.</u> at 17–20.

For the reasons that follow, the Court (i) accepts the R&R in part and rejects it in part, (ii) dismisses Plaintiffs' federal claims, and (iii) declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

## II.  ANALYSIS

The Court has considered Plaintiffs' objections and finds them to be without merit.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.  <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 509 (6th Cir. 1991).

Here, Plaintiffs' "objections" do not even address the R&R.  As Defendants point out, Plaintiffs simply reiterate their arguments that Defendants retaliated against them.  <u>See</u> Def. Resp. to Obj. at PageID.844.  Plaintiffs do not cite to any portion of the R&R, refute any specific findings of the R&R, or specify what is objectionable in the R&R.  Plaintiffs' reiteration of their arguments is not a valid objection because they do not "explain the source" of any error in the R&R, as is required.  Nonetheless, the Court has reviewed the R&R and can detect no error in its analysis or conclusions with regard to the federal claims.

For these reasons, the Court accepts the R&R with respect to Plaintiffs' federal claims. The Court dismisses Plaintiffs' federal claims with prejudice as to the named Defendants and without prejudice as to the John Doe Defendants.  With respect to Plaintiffs' state-law claims,

4

however, the Court declines to exercise supplemental jurisdiction now that the federal claims have been dismissed.  See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").  The Court instead dismisses Plaintiffs' state-law claims as to all Defendants without prejudice.

Lastly, the Court denies Defendants' motion to strike (Dkt. 59).  After objecting to the magistrate judge's R&R, Plaintiffs filed a document titled "Plaintiffs' response to Defendant's (ECF. No. 57) motion to dismiss" (Dkt. 58) (punctuation modified).  The Court is not able to determine whether Plaintiffs intended this to be a response to Defendants' motion to dismiss or a reply in support of their objections to the R&R.  Regardless, the Court denies Defendants' motion as moot because Defendants' motion to dismiss has been granted and the R&R has been adopted in part and rejected in part.

### III.  CONCLUSION

For the reasons stated above, the Court: (i) accepts in part and denies in part the recommendation in the R&R, (ii) overrules Plaintiffs' objections, (iii) grants Defendants' motion to dismiss, (iv) dismisses Plaintiffs' federal claims against the named Defendants with prejudice, (v) dismisses Plaintiffs' state-law claims against the named Defendants without prejudice, (v) dismisses all claims against the John Doe Defendants without prejudice, and (vi) denies Defendants' motion to strike.

SO ORDERED.

Dated:  March 25, 2024
     Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge